UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IOAN SAS, ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No._____ |
| v. ) | |
| ) | |
| CONSUMER RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| ) | |
| DEFENDANT, ) | |

## COMPLAINT

### INTRODUCTION

Plaintiff, Ioan Sas, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Consumer Recovery Associates, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. §§1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

2. Venue in this District is proper because Defendant's collection demand was received here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Ioan Sas, ("Plaintiff") is an individual and resident of the

State of Illinois, and is a "consumer" as defined at 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Consumer Recovery Associates, LLC ("Defendant") is a Limited Liability Company engaged as a "debt collector" as defined by and within the meaning of the FDCPA, and is engaged in the business of collecting consumer debts using the mails and telephone.

5. Defendant is organized under Virginia law with offices at 135 Interstate Boulevard, Suite 8, Greenville, South Carolina 29615. (Exhibit A, printout from website).

**FACTS**

6. Sometime before July 15, 2010, Plaintiff incurred an alleged financial obligation for personal, family or household purposes, and said alleged obligation is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5). Upon information and belief, Plaintiff incurred a debt for credit card charges he had previously made for personal purposes. (hereinafter "alleged debt").

7. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. On or around July 15, 2010, Plaintiff received a telephone call to his cell phone from a duly authorized agent or employee of Defendant who identified herself as "Melissa", who stated that she was calling to collect a debt on behalf of "Consumer Recovery Associates".

9. Plaintiff had not previously provided Defendant with his cell telephone number. Upon information and belief, Plaintiff's cell telephone number was obtained by Defendant via a "skip-trace" performed by Defendant.

10. During the pendency of said July 15, 2010 conversation, Melissa told Plaintiff that he owed $1,764.00 on a debt, but that she could take $1,250.00 to settle the account. Defendant did not inform Plaintiff of his validation rights, under §1692g of the FDCPA, at any time during the pendency of the telephone conversation.

11. Plaintiff thereafter stated that he had never received any letters from Defendant regarding the alleged debt, and that he would consider the offer if they sent him a letter regarding the debt and to whom it is owed.

12. In response, Melissa said that they were not required to send a letter out to collect the debt, and that Plaintiff "just has to pay".

13. Plaintiff responded by telling Melissa that he will not pay a random amount to someone that arbitrarily calls him on his cell phone demanding money without first receiving something in writing.

14. Melissa thereafter told Plaintiff that if he does not pay she will "call the IRS", that the IRS will "take care" of Plaintiff, and that Plaintiff can "pay the IRS instead". Melissa then hung up the phone.

15. At no time has Plaintiff received any written correspondence from the Defendant regarding the alleged debt.

16. Upon information and belief, the July 15, 2010 conversation between Plaintiff and Defendant was the initial communication between Plaintiff and Defendant.

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *et seq.*

17. Plaintiff incorporates paragraphs 1-16.

18. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant

violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a)    Defendant violated 15 U.S.C §1692 d when Defendant oppressed and harassed Plaintiff by telling him that the IRS will "take care" of him;

    b)    Defendant violated 15 U.S.C §1692e when Defendant falsely and deceptively told Plaintiff that the IRS will "take care" of him;

    c)    Defendant violated 15 U.S.C §1692e when Defendant falsely and deceptively told Plaintiff that Defendant did not have to send him a letter relating to the alleged debt, as 15 U.S.C §1692g does require such a letter to be sent containing specific information;

    d)    Defendant violated 15 U.S.C §1692e (5) when Defendant threatened to "call the IRS" due to Plaintiff's refusal to agree to pay the debt during the July 15, 2010 telephone conversation between Plaintiff and Defendant, as such threatened action was not intended to be taken, and could not legally be taken, by Defendant;

    e)    Defendant violated 15 U.S.C §1692e (10) when Defendant falsely represented that it will call the IRS and that the IRS will "take care" of the Plaintiff due to Plaintiff's refusal to agree to pay the alleged debt during the July 15, 2010 telephone conversation between Plaintiff and Defendant;

    f)    Defendant violated 15 U.S.C §1692e (10) when Defendant falsely represented to Plaintiff that Defendant did not have to send him a letter relating to the alleged debt, as 15 U.S.C §1692g does require such a letter to be sent containing specific information;

    g)    Defendant violated 15 U.S.C §1692f when Defendant unfairly attempted to collect the alleged debt by representing to Plaintiff that Defendant did not have to send him a letter relating to the alleged debt, as 15 U.S.C §1692g does require such a letter to be sent containing specific information;

    h)    Defendant violated 15 U.S.C. §1692g when it failed to send Plaintiff a 30-day validation notice within five days of the initial communication with Plaintiff;

19.    As a direct and proximate result of one or more of the statutory violations above, Plaintiff has suffered, *inter alia*, emotional distress, nervousness, fear, irritation, sleeplessness and worry.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant, for the following:

a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k;

b. Actual damages suffered by the Plaintiff;

c. Plaintiff's attorney fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Mario Kris Kasalo

**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mkriskasalo@yahoo.com

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in this action.